# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

10 CIV 8076

CIPRIAN VERES-POP

Plaintiff,

V.

SA MIDTOWN LLC, G&D RESTAURANT
ASSOCIATES, DIMITRI PAULI, GHERARDO
GUARDUCCI, ANDREA NANNI, PETER BOTTI
VITTORIO PELUSO , and FERNANDO FREDRICI

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**TO:**

SA Midtown LLC
c/o G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

Dimitri Pauli
160 E. 48TH Street PH T
New York, NY 10017

Gherardo Guarducci
28 E. 70th Street Apt. 10
New York, NY 10021

Andrea Nani
343 E. 74th Street Apt. 8C-E
New York, NY 10021

Peter Botti
151 E. 90th Street Apt. 2F
New York, NY 10128

Vittorio Peluso
302 Tompkins Ave. Apt.3
Brooklyn, NY 11216

Fernando Federici
325 B 41st Street
Union City, NJ 07087

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY,

> ROBERT WISNIEWSKI P.C.
> Attorneys for Plaintiff
> 225 Broadway, Suite 1020
> New York, N.Y. 10007
> Tel.: (212) 267-2101

an answer to the complaint which is served on you with this summons within <u>TWENTY ONE</u>

<u>(21)</u> days after service on this summons on you, exclusive of the day of service. If you fail to do

so, judgment by default will be taken against you for the relief demanded in the complaint. Any

answer that you serve on the parties to this action must be filed with the Clerk of this Court

within a reasonable period after service.

RUBY J. KRAJICK

OCT 2 2 2010

CLERK

(By) DEPUTY CLERK

DATE

2

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CIPRIAN VERES-POP on behalf of himself
and on behalf of all others similarly situated

                                    Plaintiff,

                -against-

SA MIDTOWN LLC, G&D RESTAURANT
ASSOCIATES, DIMITRI PAULI, GHERARDO
GUARDUCCI, ANDREA NANNI, PETER BOTTI
VITTORIO PELUSO ,and FERNANDO FREDRICI,


                                    Defendants.
------------------------------------------------------------X

Docket No.:

**CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

## COMPLAINT

1.    Plaintiff Ciprian Veres-Pop ("Plaintiff" or "Veres-Pop") on behalf of himself and on

behalf of all others similarly situated, by his attorneys, Robert Wisniewski P.C., as

and for his Complaint against the Defendants, SA Midtown LLC ("SA Midtown"),

G&D Restaurant Associates ("G&D")(SA Midtown and G&D are collectively known

as the "Corporate Defendants"), Dimitri Pauli ("Pauli"), Gherardo Guarducci

("Guarducci"), Andrea Nanni ("Nanni"), Peter Botti ("Botti"), Vittorio Peluso

("Peluso"), and Fernando Fredrici ("Fredrici")(collectively,  the "Individual

Defendants") states as follows:

## NATURE OF THE ACTION

2.  Plaintiff bring this action on behalf of himself and on behalf of all others similarly situated (**Exhibit 1**) to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et. seq., New York Labor Law Articles 6 and 19, and § 198-b and §193, and §196-d ("New York Labor Law"), the New York State common law and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143.

3.  The Individual Defendants are officers, shareholders, managers, employees, and/or majority owners of the Corporate Defendants, which provide services in the alimentation area to customers in the New York City and Long Island area. Plaintiff has been employed by the Corporate Defendants as a waiter, who regularly worked over 40 hours per week, but was not compensated properly for the hours he worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.  At all relevant times herein, Plaintiff Veres-Pop was and still is a resident of the State of New York, Queens County.

5.  At all times herein, Defendant SA Midtown was and still is a domestic business limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 136 East 57th Street, New York, NY 10022.

6.    At all times herein, Defendant G&D was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 136 East 57th Street, New York, NY 10022.

7.    At all times herein, the Corporate Defendants transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

8.    The Individual Defendants at all relevant times herein were and are residents of the State of New York, New York County, except Defendant Peluso lives in King County and Defendant Federici lives in the State of New Jersey.

9.    The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of G&D and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 2**).

10.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

11.   The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of said Defendants produce, sell or otherwise work on goods that have been moved in or produced for interstate commerce, and

Defendants are thus employers subject to the jurisdiction of the FLSA.

12.    This Court has personal jurisdiction over the Individual Defendants in that the

Individual Defendants are citizens and residents of the State of New York or, in

the case of Peluso, perform work in the State of New York.

13.    This Court is a proper venue for this action, pursuant to, among other

grounds, 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims

occurred in this district, and because all Defendants may be found within this

district.

## JURY DEMAND

14.    Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

15.    The Corporate Defendants and Individual Defendants are the owners, managers,

and/or operators of various restaurants in the state of New York that are engaged

in the provision of alimentation services to customers in the New York City and

New York State area.

16.    These restaurants ("restaurants") are as follows:

    i.    Casa Lever, located at 390 Park Avenue, New York, NY 10022;
    ii.   San Ambroeuis, located at 1000 Madison Ave., New York, NY 10021;
    iii.  San Ambroeuis, located at 259 West 4th Street., New York, NY 10014;
    iv.   San Ambroeuis, located at 30 Main Street, South Hampton, NY 11968;
          and
    v.    Felice Wine Bar and Restaurant, located at 1166 1st Ave., New York, NY
          10065.

17.    Upon information and belief, Defendants engaged in similar unlawful practices in

each of these restaurants.

18.   Plaintiff worked at Casa Lever during the six years immediately preceding the initiation of this action and performed labor and services for Defendants, but did not receive the compensation required by the FLSA, New York Labor Law or the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143.

19.   Others similarly situated to Plaintiff worked for the Corporate Defendants in the above-mentioned restaurants during the six years immediately preceding the initiation of this action and performed labor and services for Defendants, but did not receive the compensation required by the FLSA, New York Labor Law or the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143.

20.   The Corporate Defendants is engaged in the provision of alimentation services to customers in the New York State area.

21.   Plaintiff Veres-Pop has been employed by the Corporate Defendants as a waiter from approximately September 22, 2009 though August 31, 2010.

22.   Plaintiff and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the Fair Labor Standards Act, New York Labor Law, the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

23.   At all relevant times, Defendants paid Plaintiff and others similarly situated below the minimum wage required by the FLSA and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et.

seq, as well as New York Labor Law and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143.

24.    Defendants engaged in the willful practice of consistently underpaying their workers under relevant federal and state laws.

25.    Plaintiff and others similarly situated regularly worked at least 40 hours per week but were not paid for all the time they worked for the Corporate Defendants.

26.    Plaintiff and others similarly situated worked in excess of 40 hours per week but were not paid the proper overtime rate under Federal and New York State law.

27.    At all relevant times, although Defendants paid Plaintiff and others similarly situated a reduced minimum wage, Defendants failed to notify Plaintiff and others similarly situated that they were being paid below the required minimum wage because Defendants were taking a so-called tip credit pursuant to FLSA, 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.4.

28.    Particularly, Defendants did not post a notice on the wall of Casa Lever, and upon information and belief, their other restaurants, to notify their employees of the so-called tip credit, as required by 29 C.F.R. § 516.4, and, as such, failed to properly notify their employees of the tip credit.

29.    At all relevant times, Defendants provided compensation to Plaintiff and the other employees at Casa Lever by allowing them to retain a portion of tips they received from the patrons of Casa Lever.

30.    Defendants allowed these employees to form a tip pool, wherein waiters, busboys, bartenders, and food runners ("service workers") included the tips they received

from patrons each day. The tip pool was then split based on a point system.

31.     Nanni, Botti, Peluso, Fredrici, and Luigi Malito ("Malito") were the managers of Casa Level and were officially called "captains." Despite this misleading designation, they had managerial authority over Plaintiff and the other employees at Casa Lever, which included the power to set their schedules and to hire and fire them.

32.     The managers did not perform work as service workers and performed exclusively managerial tasks, which included scheduling their employees' work, ordering food for the restaurant, and ensuring that the tip pool was disbursed to employees.

33.     Nevertheless, despite not performing any service work, the managers regularly received the a percentage of tips from the tip pool

34.     As a result, Defendants illegally retained a percentage of their employees' tips in violation of federal and New York state laws.

35.     Upon information and belief, the other restaurants had a similar policy of pooling their employees' tips.

36.     The managers at the other restaurants, upon information and belief, unlawfully received tips from the tip pool despite performing exclusively managerial work.

37.     Upon information and belief, Defendants' service workers at the other restaurants were also paid below the minimum wage despite the managers' receiving tips from the tip pool, in direct contravention of federal and New York state laws.

38.     Defendants wilfully and intentionally refused to properly pay their employees for all hours worked.

39.     At all times herein, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendants.

40.   At all times herein, the Individual Defendants have conducted business as the Corporate Defendants.

41.   At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as officers, agents and employees of the Corporate Defendants, and have acted in the course and scope of their duty and function as agents, employees and officers of the Corporate Defendants.

42.   Upon information and belief, the Corporate Defendants are the alter egos of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate Defendants have no separate legal existence from the Individual Defendants, and, as a result, the Corporate Defendants and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

43.   At all times relevant herein, upon information and belief, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiff and others similarly situated and by virtue of their positions with the Corporate Defendants have been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendants.

44.   At all times herein, upon information and belief, the Individual Defendants used the Corporate Defendants in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

45.   Upon information and belief, in conducting the affairs of the Corporate Defendants, the Individual Defendants failed to comply with the corporate

formalities, usurped the assets of the Corporate Defendants for personal use, and commingled their personal assets with the assets of the Corporate Defendants.

46.     The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendants, have assumed personal liability for the claims of the Plaintiff and others similarly situated herein.

47.     The various violations of the law which are alleged herein were committed intentionally and/or willfully by the Defendants.

48.     The Individual Defendants had control over the conditions of Plaintiff and others similarly situated's employment, their work schedule, the rates and methods of payment of their wages and the maintenance of their employment records.

49.     At all relevant times, the Individual Defendants had operational control over the Corporate Defendants.

50.     As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

51.     On August 26, 2010, after months of having his tips improperly retained by Defendants, Plaintiff complained to Fredrici about the fact that the managers, including Fredrici, received tips from the tip pool, despite not performing any service work and in contravention of federal and New York state laws.

52.     Plaintiff had not previously complained about Defendants' unlawful policies.

53.     Prior to making this complaint, Plaintiff had worked for Defendants for almost a year, had performed his work in a stellar manner and had not received any

negative performance reviews or complaints.

54.     On August 31, 2010, the following day that Plaintiff was assigned to work after his complaint, Defendant Pauli fired Plaintiff under the pretext that Plaintiff was "not type of worker that he was looking for."

55.     Plaintiff's termination was plainly a result of his complaint to Defendants about their improper payment scheme in contravention of federal and New York state laws.

## CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW AND WAGE ORDERS

56.     Plaintiff bring this action on behalf of himself and all other persons who were or are employed by the Corporate Defendants in their restaurants as waiters, food runners, busboys, bartenders, and the like but did not receive the compensation required by the common law of the State of New York, New York Labor Law, and the state wage orders codified in12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

57.     Upon information and belief, this class of persons consists of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

58.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiff by the Corporate Defendants is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law, the common law of New York and the state wage orders codified in 12

N.Y.C.R.R. §§ 137-143. Only the amount of individual damages sustained by each class member will vary.

59. The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Corporate Defendants.

60. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

62. Plaintiff brings the first through third and fifth claim for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Corporate Defendants as a result of Corporate Defendants' violations of the New York Labor Law, the common law of the State of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-143.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants in their restaurants as waiters, food runners, busboys, bartenders, and the like but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants.

64. Upon information and belief, this class of persons consists of not less than one

hundred (100) persons.

65.    There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages sustained by each former or current employee will vary.

66.    Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay Plaintiff proper regular and overtime wages under the FLSA.

67.    Plaintiff brings the fourth claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against the Corporate Defendants)

68.    Plaintiff repeats and realleges each and every allegation as previously set forth.

69.    Plaintiff and all others similarly situated agreed to perform work and services for the Corporate Defendants.

70.    Plaintiff and all others similarly situated and Defendants each had an oral contract to perform work for Defendants, whereby Plaintiff and others similarly situated would provide services as waiters, food runners, busboys, and bartenders in exchange for compensation in the form of hourly wages.

71.    These oral contracts called for Plaintiff and all others similarly situated to be paid

the minimum wage per hour under the FLSA and New York Labor Laws and for the wages to be periodically increased as per increases in the minimum wage.

72. Plaintiff and all others similarly situated satisfactorily supplied labor and complied with the terms of their employment agreements with the Corporate Defendants and were therefore entitled to wages they rightfully earned while working for the Corporate Defendants.

73. The Defendants failed or refused to pay Plaintiff and all others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants.

74. The Defendants' failure or refusal to pay Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants constitutes a breach of Plaintiff and all others similarly situated's employment agreements with the Corporate Defendants.

75. Specifically, Defendants' failure or refusal to pay Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants breached the element requiring that Defendants pay Plaintiff and others similarly situated the minimum wage.

76. That by virtue of the foregoing breach of contract by the Corporate Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff and others similarly situated should have been paid as contemplated by their respective employment agreements with the Corporate Defendants, which is the minimum wage per hour, less amounts actually paid to Plaintiff and others similarly situated, together with an award of interest, costs, disbursements, and attorneys'

fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants)

77.   Plaintiff repeats and realleges each and every allegation previously set forth.

78.   Plaintiff and others similarly situated performed work and services as waiters,

food runners, busboys, and bartenders for Defendants in good faith.

79.   Defendants, by employing Plaintiff and all others similarly situated, voluntarily

accepted Plaintiff and others similarly situated's services.

80.   Plaintiff and others similarly situated had a reasonable expectation of payment for

the hours they worked for Defendants, but Defendants failed to remunerate

Plaintiff and others similarly situated for all the hours they worked.

81.   Plaintiff and others similarly situated were entitled to payment for the unpaid

hours they worked for Defendants at a rate which constitutes the reasonable value

of their services, which is the minimum wage per hour worked, less amounts

actually paid to Plaintiff and others similarly situated, together with an award of

interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law against all Defendants)

82.   Plaintiff repeats and realleges each and every allegation previously set forth.

83.   Pursuant to the New York Labor Law Articles 6 and 19, §193, §198, and § 196-d,

and the Wage Orders issued under the New York Labor Law at 12 N.Y.C.R.R. §§

137-143, Plaintiff and others similarly situated were entitled to certain hourly

minimum wages, overtime wages, and other wages, all of which the Defendants

intentionally and willfully failed to pay in violation of such laws.

84.   Wherefore Plaintiff and others similarly situated seek a judgment against all

Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the New York Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under Labor Law § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (FLSA against all Defendants)

85.    Plaintiff repeats and realleges each and every allegation previously set forth.

86.    Plaintiff and others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552 et. seq., under which Plaintiff and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

87.    Plaintiff and others similarly situated worked more than forty (40) hours per week for Defendant, and Defendants willfully failed to make said minimum wage and/or overtime payments.

88.    Plaintiff and others similarly situated seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Retention of Gratuities Under New York Labor Law §196-d)

89.     Plaintiff repeats and realleges each and every allegation previously set forth.

90.     As part of Plaintiff and others similarly situated's compensation, Defendants allowed them to retain the tips provided to them by patrons.

91.     Plaintiff and others similarly situated pooled their tips in a tip pool and the pool was split up and disbursed to Plaintiff and others similarly situated based on a point system.

92.     Despite performing exclusively managerial tasks, managers routinely received tips from the tip pool.

93.     By unlawfully retaining their employees' gratuities, Defendants violated New York Labor Law §196-d.

94.     Plaintiff, on this claim for relief, seeks payment of lost gratuities, damages and reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation by Plaintiff Aagainst all Defendants)

95.     Plaintiff repeats and realleges each and every allegation previously set forth.

96.     In committing the above mentioned retaliatory acts, the Defendants have discharged, penalized and discriminated against Plaintiff because Plaintiff made a complaint against Defendants alleging Defendants had violated the provisions of the New York Labor Law §215 and the Plaintiff has been damaged therefrom.

97.     Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages and reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (FLSA Retaliation by Plaintiff against all Defendants)

98.   Plaintiff repeats and realleges each and every allegation previously set forth

herein.

99.   In committing the above mentioned retaliatory acts, the Defendants have

discharged, penalized and discriminated Plaintiff because Plaintiff made a

complaint against Defendants alleging Defendants had violated the provisions of

the FLSA in violation of FLSA § 215 (a)(3) and the Plaintiff has been damaged

therefrom.

100.  Plaintiff seeks, on this claim for relief, reinstatement to his former position,

payment of lost compensation, damages and reasonable attorneys' fees and costs.


[no more text on this page]

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demand a trial by jury and judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Liquidated damages pursuant to FLSA and New York Labor Law;

3. Plaintiff's costs and reasonable attorney's fees;

4. Pre-judgment interest;

5. Back pay and front pay, and all benefits to which Plaintiff was entitled; and

6. Reinstatement of Plaintiff to his former position;

   Together with such other and further relief that the Court deems just.

Dated: New York, NY
       October 18, 2010

                                    ROBERT WISNIEWSKI P.C.

                                    By: _____
                                         Robert Wisniewski (RW-5308)
                                    Attorneys for Plaintiff
                                    225 Broadway, Suite 1020
                                    New York, New York 10007
                                    (212) 267-2101

To:

SA Midtown LLC
c/o G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

Dimitri Pauli
160 E. 48TH Street PH T
New York, NY 10017

Gherardo Guarducci
28 E. 70th Street Apt. 10
New York, NY 10021

Andrea Nanni
343 E. 74th Street Apt. 8C-E
New York, NY 10021

Peter Botti
151 E. 90th Street Apt. 2F
New York, NY 10128

Vittorio Peluso
302 Tompkins Ave. Apt.3
Brooklyn, NY 11216

Fernando Federici
325 B 41st Street
Union City, NJ 07087

**EXHIBIT 1**

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CIPRIAN VERES-POP on behalf of himself
and on behalf of all others similarly situated

Docket No.:

Plaintiff,

-against-

SA MIDTOWN LLC, G&D RESTAURANT
ASSOCIATES, DIMITRI PAULI, GHERARDO
GUARDUCCI, ANDREA NANI, PETER BOTI
VITORIO PELUSO , FERNANDO FREDECHI,
and LUIGI MALITO

Defendants.
------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair

Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of

others similarly situated and to make decisions on my behalf and on behalf of others similarly

situated concerning the litigation, the method and manner of conducting this litigation, and all

other matters pertaining to this lawsuit.

CIPRIAN VERES POP
Print Name
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Address
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

City, State, Zip Code

Sign Name
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Telephone

10/15/2010
Date

**EXHIBIT 2**

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
## SERVICES RENDERED

TO:    Dimitri Pauli
160 E. 48TH Street PH T
New York, NY 10017

Gherardo Guarducci
28 E. 70th Street Apt. 10
New York, NY 10021

Andrea Nanni
343 E. 74th Street Apt. 8C-E
New York, NY 10021

Peter Botti
151 E. 90th Street Apt. 2F
New York, NY 10128

Vittorio Peluso
302 Tompkins Ave. Apt.3
Brooklyn, NY 11216

Fernando Federici
325 B 41st Street
Union City, NJ 07087

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that CIPRIAN VERES-POP intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of G&D Restaurant Associates, for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
October 18, 2010

ROBERT WISNIEWSKI P.C.

By: _____
      Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   G&D Restaurant Associates
      136 East 57th Street #907
      New York, NY 10022

PLEASE TAKE NOTICE, that CIPRIAN VERES-POP as an employee of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts thereform on or after five (5) days from receipt of this notice.

Dated: New York, New York
       October 18, 2010

ROBERT WISNIEWSKI P.C.

By: _____
       Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

JUDGE CROTTY

10 CIV 8071

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CIPRIAN VERES-POP on behalf of himself
and on behalf of all others similarly situated

                                              Plaintiff,

                    -against-

SA MIDTOWN LLC, G&D RESTAURANT
ASSOCIATES, DIMITRI PAULI, GHERARDO
GUARDUCCI, ANDREA NANNI, PETER BOTTI
VITTORIO PELUSO ,and FERNANDO FREDRICI,

                                              Defendants.

-------------------------------------------------------------------X

Docket No.:

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

1.    Plaintiff Ciprian Veres-Pop ("Plaintiff" or "Veres-Pop") on behalf of himself and on

      behalf of all others similarly situated, by his attorneys, Robert Wisniewski P.C., as

      and for his Complaint against the Defendants, SA Midtown LLC ("SA Midtown"),

      G&D Restaurant Associates ("G&D")(SA Midtown and G&D are collectively known

      as the "Corporate Defendants"), Dimitri Pauli ("Pauli"), Gherardo Guarducci

      ("Guarducci"), Andrea Nanni ("Nanni"), Peter Botti ("Botti"), Vittorio Peluso

      ("Peluso"), and Fernando Fredrici ("Fredrici")(collectively,   the "Individual

      Defendants") states as follows:

## NATURE OF THE ACTION

2.      Plaintiff bring this action on behalf of himself and on behalf of all others similarly

situated (**Exhibit 1**) to recover unpaid wages, unpaid overtime wages, liquidated

damages and reasonable attorneys' fees under the Fair Labor Standards Act of

1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage

orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. §

552 et. seq., New York Labor Law Articles 6 and 19, and § 198-b and §193, and

§196-d ("New York Labor Law"), the New York State common law and various

wage orders promulgated by the New York State Department of Labor and

codified in 12 N.Y.C.R.R. §§ 137-143.

3.      The Individual Defendants are officers, shareholders, managers, employees,

and/or majority owners of the Corporate Defendants, which provide services in

the alimentation area to customers in the New York City and Long Island area.

Plaintiff has been employed by the Corporate Defendants as a waiter, who

regularly worked over 40 hours per week, but was not compensated properly for

the hours he worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.      At all relevant times herein, Plaintiff Veres-Pop was and still is a resident of the

State of New York, Queens County.

5.      At all times herein, Defendant SA Midtown was and still is a domestic business

limited liability company duly organized under, and existing by virtue of, the laws

of the State of New York, and presently having its principal place of business at:

136 East 57th Street, New York, NY 10022.

6.  At all times herein, Defendant G&D was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 136 East 57th Street, New York, NY 10022.

7.  At all times herein, the Corporate Defendants transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

8.  The Individual Defendants at all relevant times herein were and are residents of the State of New York, New York County, except Defendant Peluso lives in King County and Defendant Federici lives in the State of New Jersey.

9.  The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of G&D and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 2**).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

11. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of said Defendants produce, sell or otherwise work on goods that have been moved in or produced for interstate commerce, and

Defendants are thus employers subject to the jurisdiction of the FLSA.

12.    This Court has personal jurisdiction over the Individual Defendants in that the Individual Defendants are citizens and residents of the State of New York or, in the case of Peluso, perform work in the State of New York.

13.    This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this district, and because all Defendants may be found within this district.

## JURY DEMAND

14.    Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

15.    The Corporate Defendants and Individual Defendants are the owners, managers, and/or operators of various restaurants in the state of New York that are engaged in the provision of alimentation services to customers in the New York City and New York State area.

16.    These restaurants ("restaurants") are as follows:

    i.    Casa Lever, located at 390 Park Avenue, New York, NY 10022;
    ii.   San Ambroeuis, located at 1000 Madison Ave., New York, NY 10021;
    iii.  San Ambroeuis, located at 259 West 4th Street., New York, NY 10014;
    iv.  San Ambroeuis, located at 30 Main Street, South Hampton, NY 11968; and
    v.   Felice Wine Bar and Restaurant, located at 1166 1st Ave., New York, NY 10065.

17.    Upon information and belief, Defendants engaged in similar unlawful practices in each of these restaurants.

18.   Plaintiff worked at Casa Lever during the six years immediately preceding the
      initiation of this action and performed labor and services for Defendants, but did
      not receive the compensation required by the FLSA, New York Labor Law or the
      common law of the State of New York, and the federal and state wage orders
      codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143.

19.   Others similarly situated to Plaintiff worked for the Corporate Defendants in the
      above-mentioned restaurants during the six years immediately preceding the
      initiation of this action and performed labor and services for Defendants, but did
      not receive the compensation required by the FLSA, New York Labor Law or the
      common law of the State of New York, and the federal and state wage orders
      codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143.

20.   The Corporate Defendants is engaged in the provision of alimentation services to
      customers in the New York State area.

21.   Plaintiff Veres-Pop has been employed by the Corporate Defendants as a waiter
      from approximately September 22, 2009 though August 31, 2010.

22.   Plaintiff and others similarly situated are persons covered by, and/or intended to
      benefit from, the provisions of the Fair Labor Standards Act, New York Labor
      Law, the common law of the State of New York, and the federal and state wage
      orders codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143 in
      respect to their work for Defendants.

23.   At all relevant times, Defendants paid Plaintiff and others similarly situated below
      the minimum wage required by the FLSA and the various wage orders
      promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et.

seq, as well as New York Labor Law and the various wage orders promulgated by

the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-

143.

24.     Defendants engaged in the willful practice of consistently underpaying their

workers under relevant federal and state laws.

25.     Plaintiff and others similarly situated regularly worked at least 40 hours per week

but were not paid for all the time they worked for the Corporate Defendants.

26.     Plaintiff and others similarly situated worked in excess of 40 hours per week but

were not paid the proper overtime rate under Federal and New York State law.

27.     At all relevant times, although Defendants paid Plaintiff and others similarly

situated a reduced minimum wage, Defendants failed to notify Plaintiff and others

similarly situated that they were being paid below the required minimum wage

because Defendants were taking a so-called tip credit pursuant to FLSA, 29

U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.4.

28.     Particularly, Defendants did not post a notice on the wall of Casa Lever, and upon

information and belief, their other restaurants, to notify their employees of the so-

called tip credit, as required by 29 C.F.R. § 516.4, and, as such, failed to properly

notify their employees of the tip credit.

29.     At all relevant times, Defendants provided compensation to Plaintiff and the other

employees at Casa Lever by allowing them to retain a portion of tips they received

from the patrons of Casa Lever.

30.     Defendants allowed these employees to form a tip pool, wherein waiters, busboys,

bartenders, and food runners ("service workers") included the tips they received

from patrons each day. The tip pool was then split based on a point system.

31.  Nanni,  Botti, Peluso, Fredrici, and Luigi Malito ("Malito") were the managers of Casa Level and were officially called "captains." Despite this misleading designation, they had managerial authority over Plaintiff and the other employees at Casa Lever, which included the power to set their schedules and to hire and fire them.

32.  The managers did not perform work as service workers and performed exclusively managerial tasks, which included scheduling their employees' work, ordering food for the restaurant, and ensuring that the tip pool was disbursed to employees.

33.  Nevertheless, despite not performing any service work, the managers regularly received the a percentage of tips from the tip pool

34.  As a result, Defendants illegally retained a percentage of their employees' tips in violation of federal and New York state laws.

35.  Upon information and belief, the other restaurants had a similar policy of pooling their employees' tips.

36.  The managers at the other restaurants, upon information and belief, unlawfully received tips from the tip pool despite performing exclusively managerial work.

37.  Upon information and belief, Defendants' service workers at the other restaurants were also paid below the minimum wage despite the managers' receiving tips from the tip pool, in direct contravention of federal and New York state laws.

38.  Defendants wilfully and intentionally refused to properly pay their employees for all hours worked.

39.  At all times herein, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendants.

40.     At all times herein, the Individual Defendants have conducted business as the
        Corporate Defendants.

41.     At all times relevant herein, the Individual Defendants have acted for and on
        behalf of the Corporate Defendants, with the power and authority vested in them
        as officers, agents and employees of the Corporate Defendants, and have acted in
        the course and scope of their duty and function as agents, employees and officers
        of the Corporate Defendants.

42.     Upon information and belief, the Corporate Defendants are the alter egos of the
        Individual Defendants, and as will be established at trial, for the purpose of the
        claims made by Plaintiff herein, the Corporate Defendants have no separate legal
        existence from the Individual Defendants, and, as a result, the Corporate
        Defendants and the Individual Defendants, individually and collectively, and
        jointly and severally, are liable for all claims made herein.

43.     At all times relevant herein, upon information and belief, the Individual
        Defendants have directly managed, handled, or been responsible for, the payroll
        and/or payroll calculations and signing or issuing checks for the Plaintiff and
        others similarly situated and by virtue of their positions with the Corporate
        Defendants have been responsible for the proper management and handling of the
        payroll and payroll calculations at the Corporate Defendants.

44.     At all times herein, upon information and belief, the Individual Defendants used
        the Corporate Defendants in order to perpetuate a fraud, circumvent a statute, or
        accomplish some other wrongful or inequitable purpose.

45.     Upon information and belief, in conducting the affairs of the Corporate
        Defendants, the Individual Defendants failed to comply with the corporate

formalities, usurped the assets of the Corporate Defendants for personal use, and commingled their personal assets with the assets of the Corporate Defendants.

46.     The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendants, have assumed personal liability for the claims of the Plaintiff and others similarly situated herein.

47.     The various violations of the law which are alleged herein were committed intentionally and/or willfully by the Defendants.

48.     The Individual Defendants had control over the conditions of Plaintiff and others similarly situated's employment, their work schedule, the rates and methods of payment of their wages and the maintenance of their employment records.

49.     At all relevant times, the Individual Defendants had operational control over the Corporate Defendants.

50.     As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

51.     On August 26, 2010, after months of having his tips improperly retained by Defendants, Plaintiff complained to Fredrici about the fact that the managers, including Fredrici, received tips from the tip pool, despite not performing any service work and in contravention of federal and New York state laws.

52.     Plaintiff had not previously complained about Defendants' unlawful policies.

53.     Prior to making this complaint, Plaintiff had worked for Defendants for almost a year, had performed his work in a stellar manner and had not received any

negative performance reviews or complaints.

54.    On August 31, 2010, the following day that Plaintiff was assigned to work after

his complaint, Defendant Pauli fired Plaintiff under the pretext that Plaintiff was

"not type of worker that he was looking for."

55.    Plaintiff's termination was plainly a result of his complaint to Defendants about

their improper payment scheme in contravention of federal and New York state

laws.

## CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW AND WAGE ORDERS

56.    Plaintiff bring this action on behalf of himself and all other persons who were

or are employed by the Corporate Defendants in their restaurants as waiters, food

runners, busboys, bartenders, and the like but did not receive the compensation

required by the common law of the State of New York, New York Labor Law, and

the state wage orders codified in12 N.Y.C.R.R. §§ 137-143 in respect to their

work for Defendants.

57.    Upon information and belief, this class of persons consists of not less than one

hundred (100) persons, and the class is thus so numerous that joinder of all

members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

58.    There are questions of law and fact common to the class which predominate over

any questions affecting only individual members, specifically: whether the

employment of the Plaintiff by the Corporate Defendants is subject to the

jurisdiction and the wage and overtime requirements of the New York Labor Law,

the common law of New York and the state wage orders codified in 12

N.Y.C.R.R. §§ 137-143. Only the amount of individual damages sustained by each class member will vary.

59. The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Corporate Defendants.

60. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

62. Plaintiff brings the first through third and fifth claim for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Corporate Defendants as a result of Corporate Defendants' violations of the New York Labor Law, the common law of the State of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-143.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants in their restaurants as waiters, food runners, busboys, bartenders, and the like but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants.

64. Upon information and belief, this class of persons consists of not less than one

hundred (100) persons.

65.     There are questions of law and fact common to the class specifically whether the
employment of the Plaintiff by the Defendants is subject to the jurisdiction and the
wage and overtime requirements of the FLSA and the federal wage orders
codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages
sustained by each former or current employee will vary.

66.     Plaintiff and Defendants' other employees are similarly situated insofar as
Defendants instituted a policy not to pay Plaintiff proper regular and overtime
wages under the FLSA.

67.     Plaintiff brings the fourth claim for relief herein on behalf of himself individually
and all persons similarly situated as a collective action pursuant to the FLSA, in
respect to all claims that Plaintiff and all persons similarly situated have against
the Defendants as a result of Defendants' violations under the FLSA and the
federal wage orders codified in 29 C.F.R. § 552 et. seq.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against the Corporate Defendants)

68.     Plaintiff repeats and realleges each and every allegation as previously set forth.

69.     Plaintiff and all others similarly situated agreed to perform work and services for
the Corporate Defendants.

70.     Plaintiff and all others similarly situated and Defendants each had an oral contract
to perform work for Defendants, whereby Plaintiff and others similarly situated
would provide services as waiters, food runners, busboys, and bartenders in
exchange for compensation in the form of hourly wages.

71.     These oral contracts called for Plaintiff and all others similarly situated to be paid

the minimum wage per hour under the FLSA and New York Labor Laws and for the wages to be periodically increased as per increases in the minimum wage.

72.     Plaintiff and all others similarly situated satisfactorily supplied labor and complied with the terms of their employment agreements with the Corporate Defendants and were therefore entitled to wages they rightfully earned while working for the Corporate Defendants.

73.     The Defendants failed or refused to pay Plaintiff and all others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants.

74.     The Defendants' failure or refusal to pay Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants constitutes a breach of Plaintiff and all others similarly situated's employment agreements with the Corporate Defendants.

75.     Specifically, Defendants' failure or refusal to pay Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants breached the element requiring that Defendants pay Plaintiff and others similarly situated the minimum wage.

76.     That by virtue of the foregoing breach of contract by the Corporate Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff and others similarly situated should have been paid as contemplated by their respective employment agreements with the Corporate Defendants, which is the minimum wage per hour, less amounts actually paid to Plaintiff and others similarly situated, together with an award of interest, costs, disbursements, and attorneys'

fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants)

77.   Plaintiff repeats and realleges each and every allegation previously set forth.

78.   Plaintiff and others similarly situated performed work and services as waiters, food runners, busboys, and bartenders for Defendants in good faith.

79.   Defendants, by employing Plaintiff and all others similarly situated, voluntarily accepted Plaintiff and others similarly situated's services.

80.   Plaintiff and others similarly situated had a reasonable expectation of payment for the hours they worked for Defendants, but Defendants failed to remunerate Plaintiff and others similarly situated for all the hours they worked.

81.   Plaintiff and others similarly situated were entitled to payment for the unpaid hours they worked for Defendants at a rate which constitutes the reasonable value of their services, which is the minimum wage per hour worked, less amounts actually paid to Plaintiff and others similarly situated, together with an award of interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law against all Defendants)

82.   Plaintiff repeats and realleges each and every allegation previously set forth.

83.   Pursuant to the New York Labor Law Articles 6 and 19, §193, §198, and § 196-d, and the Wage Orders issued under the New York Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally and willfully failed to pay in violation of such laws.

84.   Wherefore Plaintiff and others similarly situated seek a judgment against all

Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the New York Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under Labor Law § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (FLSA against all Defendants)

85.     Plaintiff repeats and realleges each and every allegation previously set forth.

86.     Plaintiff and others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552 et. seq., under which Plaintiff and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

87.     Plaintiff and others similarly situated worked more than forty (40) hours per week for Defendant, and Defendants willfully failed to make said minimum wage and/or overtime payments.

88.     Plaintiff and others similarly situated seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Retention of Gratuities Under New York Labor Law §196-d)

89. Plaintiff repeats and realleges each and every allegation previously set forth.

90. As part of Plaintiff and others similarly situated's compensation, Defendants allowed them to retain the tips provided to them by patrons.

91. Plaintiff and others similarly situated pooled their tips in a tip pool and the pool was split up and disbursed to Plaintiff and others similarly situated based on a point system.

92. Despite performing exclusively managerial tasks, managers routinely received tips from the tip pool.

93. By unlawfully retaining their employees' gratuities, Defendants violated New York Labor Law §196-d.

94. Plaintiff, on this claim for relief, seeks payment of lost gratuities, damages and reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation by Plaintiff Aagainst all Defendants)

95. Plaintiff repeats and realleges each and every allegation previously set forth.

96. In committing the above mentioned retaliatory acts, the Defendants have discharged, penalized and discriminated against Plaintiff because Plaintiff made a complaint against Defendants alleging Defendants had violated the provisions of the New York Labor Law §215 and the Plaintiff has been damaged therefrom.

97. Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages and reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (FLSA Retaliation by Plaintiff against all Defendants)

98.    Plaintiff repeats and realleges each and every allegation previously set forth herein.

99.    In committing the above mentioned retaliatory acts, the Defendants have discharged, penalized and discriminated Plaintiff because Plaintiff made a complaint against Defendants alleging Defendants had violated the provisions of the FLSA in violation of FLSA § 215 (a)(3) and the Plaintiff has been damaged therefrom.

100.   Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages and reasonable attorneys' fees and costs.


[no more text on this page]

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demand a trial by jury and judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Liquidated damages pursuant to FLSA and New York Labor Law;

3. Plaintiff's costs and reasonable attorney's fees;

4. Pre-judgment interest;

5. Back pay and front pay, and all benefits to which Plaintiff was entitled; and

6. Reinstatement of Plaintiff to his former position;

Together with such other and further relief that the Court deems just.

Dated: New York, NY
        October 18, 2010

                                        ROBERT WISNIEWSKI P.C.

                                        By: _____
                                            Robert Wisniewski (RW-5308)
                                        Attorneys for Plaintiff
                                        225 Broadway, Suite 1020
                                        New York, New York 10007
                                        (212) 267-2101

To:

SA Midtown LLC
c/o G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

Dimitri Pauli
160 E. 48TH Street PH T
New York, NY 10017

Gherardo Guarducci
28 E. 70th Street Apt. 10
New York, NY 10021

Andrea Nanni
343 E. 74th Street Apt. 8C-E
New York, NY 10021

Peter Botti
151 E. 90th Street Apt. 2F
New York, NY 10128

Vittorio Peluso
302 Tompkins Ave. Apt.3
Brooklyn, NY 11216

Fernando Federici
325 B 41st Street
Union City, NJ 07087

**EXHIBIT 1**

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CIPRIAN VERES-POP on behalf of himself
and on behalf of all others similarly situated

                                                    Docket No.:

                        Plaintiff,

            -against-

SA MIDTOWN LLC, G&D RESTAURANT
ASSOCIATES, DIMITRI PAULI, GHERARDO
GUARDUCCI, ANDREA NANI, PETER BOTI
VITORIO PELUSO , FERNANDO FREDECHI,
and LUIGI MALITO

                        Defendants.

------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

CIPRIAN VERES POP
Print Name

██████████████████
Address

██████████████████
City, State, Zip Code

_____
Sign Name

██████████████████
Telephone

10/15/2010
Date

**EXHIBIT 2**

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    Dimitri Pauli
       160 E. 48TH Street PH T
       New York, NY 10017

       Gherardo Guarducci
       28 E. 70th Street Apt. 10
       New York, NY 10021

       Andrea Nanni
       343 E. 74th Street Apt. 8C-E
       New York, NY 10021

       Peter Botti
       151 E. 90th Street Apt. 2F
       New York, NY 10128

       Vittorio Peluso
       302 Tompkins Ave. Apt.3
       Brooklyn, NY 11216

       Fernando Federici
       325 B 41st Street
       Union City, NJ 07087

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that CIPRIAN VERES-POP intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of G&D Restaurant Associates, for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       October 18, 2010

ROBERT WISNIEWSKI P.C.

By: _____
       Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:    G&D Restaurant Associates
136 East 57th Street #907
New York, NY 10022

PLEASE TAKE NOTICE, that CIPRIAN VERES-POP as an employee of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts thereform on or after five (5) days from receipt of this notice.

Dated: New York, New York
October 18, 2010

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101